UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BERTIE MATTINAS,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>TYRELL DAVIS, Warden, Idaho State Correctional Institution,<br><br>　　　　　　　　Defendant.[1] | Case No. 1:23-cv-00133-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

　　　The Clerk of Court conditionally filed Plaintiff Bertie Mattinas's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.　　Pleading Standards and Screening Requirement**

　　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as

---

[1] Plaintiff initially named the Idaho State Correctional Institution as the only Defendant. The Court will grant Plaintiff's Motion to Correct Caption, substituting Warden Davis as the Defendant in this action. *See* Dkt. 8.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[2] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief.

---

[2] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

*Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend).

**2.     Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction. Plaintiff alleges that, on various occasions, the Idaho State Correctional Institution ("ISCI")—the prison in which Plaintiff is currently incarcerated—has violated his First Amendment right to free exercise of religion and the Religious Land Use and Institutionalized Persons Act. *See generally Compl*., Dkt. 3. Plaintiff also asserts claims under Idaho state law. *Id*. at 1. He seeks damages and injunctive relief. *Id*. at 10–12.

3. **Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

   A.  *Standards of Law*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which

the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted). A plaintiff may also seek injunctive relief from officials who have direct responsibility in the area in which the plaintiff seeks relief. *See Rounds v. Or. State Bd. of Higher Educ*., 166 F.3d 1032, 1036 (9th Cir. 1999).

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

The Free Exercise Clause of the First Amendment absolutely protects the right to believe in a religion; it does not absolutely protect all conduct associated with a religion. *Cantwell v. Connecticut*, 310 U.S. 296, 303-04 (1940). Inmates retain their free exercise of religion rights in prison. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). An inmate who is an adherent of a minority religion must be afforded a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (per curiam). A prison need not, however, provide "identical facilities or personnel" for "every religious sect or group within a prison," and a "special chapel or place of worship need not be provided for every faith regardless of size; nor must a chaplain, priest, or minister be provided without regard to the extent of the demand." *Id.* at 322 n.2.

To serve as a basis for a viable claim challenging a prison restriction under the Free Exercise Clause, an inmate's belief must be both sincerely held and rooted in

religious belief. *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008); *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994). Further, the burden placed on the inmate's religious exercise by the defendants' actions must be substantial. *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989). *De minimis*—or minor—burdens on the free exercise of religion are not of a constitutional dimension, even if the belief upon which the exercise is based is sincerely held and rooted in religious belief. *See, e.g.*, *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (the unavailability of a non-pork tray for inmate at 3 meals out of 810 does not constitute more than a *de minimis* burden on inmate's free exercise of religion).

Challenges to prison restrictions that are alleged "to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in accordance with due process of law." *Jones v. N.C. Prisoners' Union*, 433 U.S. 119, 125 (1977) (citation omitted). What constitutes a reasonable opportunity for religious exercise, therefore, must be evaluated within the context of a prison's need for security, among other legitimate goals. *O'Lone*, 482 U.S. at 350-53 (1987) (holding that a prison's policy of not allowing Muslim inmates on work detail to return to the prison to attend Jumu'ah, a group worship service, did not violate the Constitution).

So long as a restriction on an inmate's religious practice "is reasonably related to legitimate penological interests," that restriction does not violate the First Amendment. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Factors to be considered in this reasonableness inquiry include (1) whether there is a logical connection between the governmental

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

interest and the particular policy or decision at issue; (2) whether "alternative means of exercising the right remain open to prison inmates"; (3) the impact that accommodating a prisoner's religious practice would have on "other inmates, on prison personnel, and on allocation of prison resources generally"; and (4) whether there is an absence of "obvious, easy alternatives to the policy adopted by" prison officials. *O'Lone*, 482 U.S. at 350–53 (internal quotation marks and alterations omitted) Courts must take care to avoid "substitut[ing] [their] judgment on difficult and sensitive matters of institutional administration." *Id*. at 353 (internal quotation marks and alteration omitted).

A prison's occasional failure to accommodate a religious practice does not violate the Free Exercise Clause where there is no evidence that the failures were caused by "anything other than institutional shortage." *Id.* Similarly, a temporary delay in accommodating religious practice does not violate the First Amendment when caused by ordinary administrative or institutional delay. *See Tapp v. Stanley*, 2008 WL 4934592, at *7 (W.D.N.Y. Nov. 17, 2008) (unpublished) (holding that a 3-month delay in providing a prisoner with a religious meal did not substantially burden the prisoner's sincerely-held religious beliefs where the delay was "caused by ordinary administrative delay").

The First Amendment is not the only source of religious protection within a prison. The Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*., provides, "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person[] (1) is in furtherance of a compelling

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). RLUIPA applies to entities receiving federal financial assistance. *Id.* at (b)(1). By accepting federal funds, however, states do not waive sovereign immunity to suits for money damages under RLUIPA. *Sossamon v. Texas*, 563 U.S. 277, 280 (2011). Further, although the statute provides for injunctive relief, RLUIPA does not allow for monetary damages against individuals. *Wood v. Yordy*, 753 F.3d 899, 902–04 (9th Cir. 2014).

An inmate asserting a claim under RLUIPA must plausibly allege that the governmental action constitutes a substantial burden on the exercise of the inmate's religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). For an official's action to constitute a substantial burden on an inmate's religious exercise, it "must impose a significantly great restriction or onus upon such exercise." *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004). In determining whether an inmate's religious exercise is substantially burdened, a court may not inquire "into whether a particular belief is 'central' to a prisoner's religion." *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) (quoting 42 U.S.C. § 2000cc-5(7)(A)). However, "the Act does not preclude inquiry into the sincerity of a prisoner's professed religiosity." *Id.*

If the inmate establishes "the prima facie existence" of a substantial burden on the exercise of the inmate's religion, then the burden shifts to prison officials to prove the burden "is *both* 'in furtherance of a compelling governmental interest' *and* the 'least

restrictive means of furthering that compelling governmental interest.'" *Warsoldier*, 418 F.3d at 995 (quoting 42 U.S.C. § 2000cc-1(a); § 2000cc-2(b)).

As the Supreme Court has explained,

> The least-restrictive-means standard is exceptionally demanding, and it requires the government to show that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting party. If a less restrictive means is available for the Government to achieve its goals, the Government must use it.

*Holt v. Hobbs*, 574 U.S. 352, 364–65 (2015) (internal citations, quotation marks, and alterations omitted). Prison officials or a state department of correction "cannot meet its burden to prove least restrictive means unless it demonstrates that it has actually considered and rejected the efficacy of less restrictive measures before adopting the challenged practice." *Warsoldier*, 418 F.3d at 999.

Although RLUIPA is to be construed broadly in favor of protecting an inmate's religious rights, *id*., the statute does not "elevate accommodation of religious observances over an institution's need to maintain order and safety," *Cutter v. Wilkinson*, 544 U.S. 709, 722 (2005). A prisoner's requests for religious accommodation must not override other significant interests within a prison setting. "Should inmate requests for religious accommodations become excessive, impose unjustified burdens on other institutionalized persons, or jeopardize the effective functioning of an institution, the facility would be free to resist the imposition." *Cutter*, 544 U.S. at 726. In the words of the Supreme Court, "context matters." *Id*. at 723 (quotation marks and alteration omitted).

In addition to claims under the First Amendment and RLUIPA, Plaintiff also asserts claims under Idaho state law. *Compl.* at 1. The Court assumes Plaintiff intends to assert claims under Idaho's Free Exercise of Religion Protected Act, Idaho Code § 73-401 *et seq.* ("FERPA"). FERPA is Idaho's equivalent of the federal Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.* "While Idaho has little case law interpreting the FERPA, the legislative history of the statute makes it clear that in adopting the statute the Idaho legislature intended to adopt the 'compelling interest test' contained in" the RFRA. *State v. White*, 271 P.3d 1217, 1220 (Idaho Ct. App. 2011). The RFRA is judged by the same legal standards as the RLUIPA. *See Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal*, 546 U.S. 418, 436 (2006). Therefore, Plaintiffs' FERPA claims are governed by the same RLUIPA standards discussed above.

### B. The Complaint Does Not State a Plausible Claim under the First Amendment, RLUIPA, or FERPA

The Complaint contains no factual details in support of Petitioner's claims. Rather, it is filled primarily with legal standards and bare conclusions. The few factual assertions in the Complaint are overly vague and generalized, including the following:

- Defendant is "not providing for and restricting Plaintiffs [sic] in his free exercise of religion";

- Plaintiff has not been allowed to have "donated items for religious purposes i.e. Bible, rosery's [sic], smudging articles etc.";

- Plaintiff is not afforded sufficient "time for access to chapel and holy grounds i.e. 'other' smudging, Wiccan, and of Odinistic ceremonial services";

- "[L]ack of space on the unit(s) unit [sic] fourteen inhibits prayer and religious practices to include the practice of using ceremonials and the religious activity potentiality of being offencive [sic], and leading to cellmate contention [and] adversity impacting the health and reputable standing of plaintiff and plaintiff class";

- Plaintiff has been "denied the opportunity for worship with clergy and the denying of volunteer chapel related ministers to provide religious services";

- Problems in the prison "went unnoticed" but impaired "the spiritual advancement of plaintiff"; and

- Failure to provide adequate chapel services has incited a prison riot.

*Compl.* at 2–9 (capitalization normalized).

These sorts of allegations are simply "naked assertions devoid of further factual enhancement" and, as such, are not enough to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678 (internal quotation marks and alteration omitted)). Notably, it is not even clear which religion Plaintiff practices. Accordingly, the Complaint does not support a reasonable inference that Plaintiff faces a substantial burden upon the exercise of his religious belief.

4.  **Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal

connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa*

*County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Correct Caption (Dkt. 8) is GRANTED, and Defendant Tyrell Davis is SUBSTITUTED for defendant Idaho State Correctional Institution. The Idaho State Correctional Institution is TERMINATED as a party to this action.

2. Plaintiff's Motion to Consolidate Cases (Dkt. 6) is DENIED.

3. Because Plaintiff has already been granted in forma pauperis status, Plaintiff's second application for such status (Dkt. 9) is MOOT.

4. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[3]

5. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order.

6. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: June 7, 2023

_____
Amanda K. Brailsford
U.S. District Court Judge

---

[3] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).